UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURT L. ROBINSON,

    Plaintiff,

v.                                                              Case No. 1:17-cv-440

COMMISSIONER OF SOCIAL                      Hon. Robert J. Jonker
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed this action to contest an Administrative Law Judge's (ALJ's) decision denying benefits. The Court reversed and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *See* Order (ECF No. 22). This matter is before the Court on the plaintiff's motion for allowance of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $4,543.00 (ECF No. 23). The motion is opposed.

    **I.**    **Discussion**

The EAJA provides in relevant part that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States  . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). Eligibility for a fee award in a civil action "requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and

1

(3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).  Here, plaintiff has met two of the three elements to be eligible for an EAJA award, i.e., plaintiff is the prevailing party and no special circumstances exist in this case to make an award unjust.  *Marshall*, 444 F.3d at 840.  However, the government contends that EAJA fees are not appropriate because the Commissioner's litigation position was substantially justified.  *Id.*

The Court reversed and remanded this case for two reasons.  First, "the ALJ did not give good reasons for rejecting Dr. Recknagel's 5-pound lifting restriction":

> [T]he ALJ's blanket statement that this restriction is not supported by the "relatively conservative treatment" reflected in over 500 pages of medical records (Exhibits 1F-34F, PageID.293-831), does not address the specific question of whether Dr. Recknagel's August 21, 2014 lifting restriction was supported by medically acceptable clinical and laboratory diagnostic techniques, and not inconsistent with the other substantial evidence in the case record. *See Gayheart*, 710 F.3d at 375. The fact that claimant reported improvement in his right shoulder pain in August 2015 does not undercut or invalidate Dr. Recknagel's conclusion that plaintiff could only lift 5 pounds back in August 2014. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate Dr. Recknagel's 5-pound permanent lifting restriction.

R&R (ECF No. 21, PageID.938-939); Order Adopting R&R (ECF No. 22).

Second, the ALJ did not establish that plaintiff made contradictory statements regarding fatigue because "the decision lists documents in which plaintiff denied having fatigue without any further explanation as to the date or circumstances of those denials." R&R at PageID.943.  The Court stated that it could not trace the path of the ALJ's reasoning:

> While it appears that the intensity of plaintiff's fatigue varied over time, the ALJ did not provide a sufficient explanation for rejecting all of claimant's statements regarding fatigue. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner

2

>should determine whether plaintiff's statements regarding fatigue contradict the medical evidence.

R&R at PageID.944.

Defendant contends that the decision is substantially justified because the reversal was due to a mere articulation error. The failure of an ALJ to fully articulate the reasons for rejecting medical evidence, though an error requiring reversal under sentence four of 42 U.S.C. § 405(g), does not demonstrate that the government's position was not substantially justified:

> [W]e hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification. A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position. Thus, although remand on any ground theoretically may support an award of fees under the EAJA, such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification.

*DeLong Commissioner of Social Security Administration*, 748 F.3d 723, 727 (6th Cir. 2014). *See, e.g., Ratliff v. Commissioner of Social Security*, 465 Fed. Appx. 459, 460 (6th Cir. 2012) ("the relevant inquiry concerning the government's position was whether it was reasonable for the Commissioner to defend the ALJ's decision to deny benefits, even though the ALJ had not articulated sufficient reasons for rejecting the opinion of [the claimant's] treating physician"). The ALJ's error with respect to plaintiff's fatigue involved an articulation error which did not necessarily establish that the denial of benefits lacked substantial justification. However, the ALJ's error with respect to Dr. Recknagel involved the improper evaluation of a treating physician's opinion, which did establish that the denial of benefits lacked substantial justification. Accordingly, the Court concludes that the government's position was not substantially justified.

The next step is to determine the amount of reasonable attorney fees to be awarded in this case. The EAJA provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "Although the EAJA was enacted in October 1981, it was amended in March 1996 to increase the hourly fee rate from $75.00 to $125.00. 28 U.S.C. § 2412(d)(1)(D)(2)(A)." *Metropolitan Van and Storage, Inc. v. United States*, 101 Fed. Cl. 173, 191 (Fed. Cl. 2011). Thus, the statutory rate for EAJA fees has remained the same for over two decades since the last increase. It has become commonplace for prevailing plaintiffs in Social Security Appeals to request EAJA fees and then request attorney fees in excess of $125.00 per hour. In recent years, this Court has found a reasonable attorney fee for experienced Social Security practitioners in EAJA cases to be $175.00. *See, e.g., Reed v. Commissioner of Social Security*, No. 1:16-cv-572, 2017 WL 3530855 (R&R) (W.D. Mich. August 2, 2017) adopted in 2017 WL 3504872 (Order) (August 16, 2017). The Court based this $175.00 hourly rate on the increased cost of living as well as the prevailing market rate for hiring an attorney in Kent County, Michigan, a well populated county in the center of the southern division of this district, which is home to the state's second largest city, and a venue of this Court, which is well situated for determining a proper market rate. *Id*. Restricting attorney fees to the statutory rate - which has not changed in two decades - will limit the availability of qualified attorneys for Social Security Appeals in this area. *Id*. Given these considerations, this Court should allow fees up to an hourly rate of $175.00.

Here, plaintiff seeks a fee of $4,365.00. The fee includes 15.75 hours of attorney time at an hourly rate of $270.00 ($4,252.50) and 1.5 hours of paralegal time at an hourly rate of

4

$75.00 ($112.50).  EAJA Motion (ECF No. 23, PageID.949).  In the Court's experience, counsel seeking EAJA fees related to Social Security Appeals spend in the range of 15 to 35 hours working on these appeals.[1]  Here, counsel's time spent on this matter fell well within that range.  However, for the reasons stated above, the Court should not award the requested attorney fee at the hourly rate of $270.00.  Rather, the attorney fee should be based upon an hourly rate of $175.00, which results in a fee of $2,756.25 ($175.00 x 15.75 hours).  The paralegal fee of $112.50 is reasonable.  Accordingly, plaintiff should be awarded a total EAJA fee in the amount of $2,868.75.

## II.     RECOMMENDATION

I respectfully recommend that the plaintiff's motion (ECF No. 23) be **GRANTED IN PART** and that defendant pay plaintiff attorney fees in the amount of **$2,868.75**.

Dated:  April 26, 2019                            /s/ Ray Kent
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[1] *See, e.g., Reed*, 2017 WL 3530855 (18.50 hours); *Cooper v. Commissioner of Social Security*, 1:09-cv-40, 2011 WL 3269446 (W.D. Mich. April 11, 2011) (32.75 hours); *Karadsheh v. Commissioner of Social Security*, 1:08-cv-988, 2010 WL 4259644 (R&R) (W.D. Mich. Sept. 17, 2010), adopted in 2010 WL 4259616 (Order) (Oct. 20, 2010) (14.7 hours); *Huls v. Commissioner of Social Security*, 1:07-cv-748, 2008 WL 1932429 (W.D. Mich. May 1, 2008) (22.0 hours).  *See also, Flamboe v. Commissioner of Social Security*, No. 1:12-cv-606, 2013 WL 1914546 at *2 (W.D. Mich. May 8, 2013) ("[a]lthough exceptions exist and each case is examined on its own merits, 40 hours generally marks the 'outer limits' of a reasonable expenditure of time on this type of case").